# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE BROWN, | CASE NO. 1:10-cv-1143-AWI-MJS PC |
| Plaintiff, | ORDER DISMISSING THIS ACTION WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH MULTIPLE COURT ORDERS |
| v. | |
| P.L. VASQUEZ, et al., | (ECF Nos. 2 & 4) |
| Defendants. | |

Plaintiff Willie Brown is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff, along with a number of other prisoners, initiated this lawsuit on December 7, 2009. (ECF No. 1.) On June 24, 2010, the Court severed the multiple plaintiffs' claims and opened the above-captioned action in which Brown is the sole plaintiff. (ECF No. 2.) The Court ordered Brown to submit an amended complaint bearing his new case number and asserting only his personal claims by July 27, 2010. (Id.) The Court also ordered Brown to submit a motion to proceed in forma pauperis or to pay the filing fee by July 27, 2010. (Id.)

On August 18, 2010, the Court issued an order directing Brown to show cause why his case should not be dismissed for failure to obey a court order. (ECF No. 5.) The Court noted that Plaintiff had failed to file an amended complaint and had neither paid the filing fee nor moved to proceed in forma pauperis. (Id.) The Court ordered Plaintiff to respond to the show cause order by September 8, 2010. (Id.) To date, Plaintiff has failed to respond to the Court's show cause order.

1

1  Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local
2  Rules or with any order of the Court may be grounds for the imposition by the Court of any and all
3  sanctions . . . within the inherent power of the Court."  District courts have the inherent power to
4  control their dockets and "in the exercise of that power, they may impose sanctions including, where
5  appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.
6  1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an
7  action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v.
8  Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.
9  Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
10 requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
11 (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of
12 address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
13 comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
14 failure to lack of prosecution and failure to comply with local rules).

15  Despite multiple court orders, Plaintiff has yet to file an amended complaint, pay the filing
16 fee, or request to proceed in forma pauperis.  Having repeatedly ignored orders of the Court, the
17 Court is left with no choice but to dismiss this action.  Accordingly, the above-captioned action is
18 DISMISSED without prejudice based for failure to prosecute and failure to obey a court order.

20 IT IS SO ORDERED.

22 Dated:   November 13, 2010                              CHIEF UNITED STATES DISTRICT JUDGE